Per Curiam.

The question presented is whether Section 1907.47, Revised Code, is constitutional. It reads as follows:
“The justices of the peace shall receive a fixed annual salary and such salary shall be determined by the Board of County Commissioners of the county in which such office of the justice of the peace is situated, and may include a fixed annual allowance for supplies, forms, and equipment.”
Has the General Assembly, by the enactment of that section, delegated legislative power to the county commissioners by not prescribing any standards or rules governing the exercise of the authority to fix salaries therein vested in the county commissioners ?
The defendant board investigated and ascertained the number of cases docketed and fees reported by each of the justices *362 of the peace of the county for a two-year period and fixed his salary based largely on the fees collected during a one-year period. Their annual salaries, as fixed, ranged from a high of $3,600 to a low of $25. The salary of each justice was fixed at substantially his earnings for a one-year period.
Justices of the peace are not now constitutional courts (Section 1, Article IV, Constitution) but are created by legislative authority and may be abolished or their compensation changed at the will of the General Assembly (Section 20, Article II, Constitution), so long as its act is in conformity with constitutional limitations. However, justices of the peace are county elective officers, and an act of the General Assembly relating to the fixing of their salaries is a law of a general nature and must operate uniformly throughout the state. State, ex rel. Guilbert, Aud., v. Yates, Aud., 66 Ohio St., 546, 64 N. E., 570.
The law applicable to this case is expressed, as follows, in paragraphs four and five of the syllabus in the case of State, ex rel. Godfrey, a Taxpayer, v. O’Brien, Treas., 95 Ohio St., 166, 115 N. E., 25:
“4. The General Assembly of Ohio cannot delegate the authority conferred upon it by Section 20 of Article II of the Constitution, to fix the compensation of officers.
“5. The provisions of an act of the General Assembly purporting to confer authority upon the * * * Board of County Commissioners, to fix the salary of county or township officers within certain limits, without providing a uniform rule for determining such compensation in the several counties of the state, are in conflict with Section 26 of Article II of the Constitution of Ohio, and void. ’ ’
Under the statute in its present form, the Board of County Commissioners in each of the 88 counties could adopt a different formula for fixing salaries, which would not be in conformity with Section 26, Article II of the Constitution. This court is of the opinion that there is a definite lack of direction in Section 1907.47, Revised Code, as to the manner or method of fixing annual salaries for justices of the peace, which renders the section unconstitutional.
*363 The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

"WEYGANDT, C. J., Zimmermax, Stewart, Bell, Matthias and ÜERBERT, JJ., concur.